NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD DI BUONO, JR., <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., AND EQUIFAX INFORMATION SERVICES LLC, <br><br> Defendants. | Civil Action No.: 17-5379 (JLL) <br><br> OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants Experian Information Solutions, Inc. and Equifax Information Services, LLC's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12). Plaintiff has submitted an opposition, (ECF No. 14), and Defendants have submitted a reply, (ECF No. 15). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendants' Motion to Dismiss.

## I. BACKGROUND[1]

Plaintiff filed this action alleging that Defendants have violated the Fair Credit Reporting Act ("FCRA"). (*See generally* ECF No. 1 ("Compl.")). Specifically, Plaintiff alleges that Defendants Experian Information Solutions and Equifax Information Services, both of which are

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

"consumer reporting agencies" under 15 U.S.C. § 1681a(b) and (f), issued inaccurate information concerning the status of Plaintiff's Social Security Administration ("SSA") payments in false and misleading credit information and consumer reports. (Compl. ¶¶ 8–9). Plaintiff claims that he notified Defendants of the inaccuracies in their reports, and that Defendants took no steps to correct the information, violating 15 U.S.C. § 1681e(b), i(a), and c(a)(5). (Compl. ¶¶ 9–10, 24). Finally, Plaintiff alleges that Defendants' failure to amend the errors in their reports resulted in the denial of loans and other extensions of credit to Plaintiff. (Compl. ¶¶14–16). Accordingly, Plaintiff brought this action under the FCRA seeking damages.

## II.  LEGAL STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps. "First, it must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, '[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d

Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III.  ANALYSIS

Defendants seek dismissal of Plaintiff's claim, arguing that it is a collateral attack on a determination of the SSA and a runaround of SSA regulations. (*See generally* ECF No. 12). This Court disagrees.

The purpose of the FCRA is to protect consumers from the dissemination of inaccurate information and to establish credit reporting practices that use accurate and current information. *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011). When preparing a consumer report, a consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," and it must "conduct a reasonable reinvestigation" into the accuracy of the information in the consumer report if a consumer disputes the veracity of the information in the report and notifies the credit reporting agency of his or her dispute. 15 U.S.C. § 1681e(b), i(a)(1)(A). A consumer reporting agency violates § 1681e(b) when: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)). Furthermore, once a consumer disputes specific information with the consumer

reporting agency, the agency bears the burden of reinvestigation under § 1681i(a) and may be required to "verify the accuracy of its initial source of information," including possibly going beyond the original source of information. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 224–26 (3d Cir. 1997).

Plaintiff's complaint alleges well-pleaded facts that could plausibly give rise to relief under 15 U.S.C. §§ 1681e(b) and i(a). *Connelly*, 809 F.3d at 787. With respect to § 1681e(b), Plaintiff has alleged that: (1) the information related to his payment status on his SSA account in the consumer report was inaccurate, (Compl. ¶¶ 7–9); (2) he notified the consumer reporting injuries of the inaccurate information and that no steps were taken, (Compl. ¶ 10); (3) he was denied "various loans and extensions of consumer credit on different occasions," (Compl. ¶ 14); and (4) a substantial reason for those denials was the inclusion of the inaccurate information in the credit reports, (Compl. ¶ 15). As for § 1681i(a), Plaintiff has alleged that the Defendants did not engage in any reinvestigation once notified by Plaintiff of the inaccuracy of the reports. (Compl. ¶11).

Defendants argue that Plaintiff is actually disputing the delinquent status the SSA attributed to his account and that Plaintiff cannot collaterally attack that determination through the FCRA. (ECF No. 12, at 1). However, it is clear from Plaintiff's dispute of the SSA account, which Defendants themselves argue should be incorporated by reference into the pleadings, (ECF No. 12, at 3), that Plaintiff had established a payment plan with the SSA to pay back the initial overpayment, and that Plaintiff was current on those payments. (ECF Nos. 12-1, 12-2). Even assuming that Plaintiff was challenging the validity of his debt with the SSA, the FCRA does not require the consumer to resolve the dispute with the creditor. *Cushman*, 115 F.3d at 225.

In their reply papers, Defendants argue that an installment plan to repay an SSA overpayment benefit is somehow different than other installment repayment plans, and as such, Plaintiff has failed to state a claim. (ECF No. 15, at 4). This argument conflicts with the very regulations Defendants cite in support of their argument. Title 20 of the Code of Federal Regulations explicitly mentions the option of repaying an SSA overpayment by installment in several sections. *See* 20 C.F.R. § 404.502a(d) (noting that in seeking return of an overpayment, the notice the SSA sends to the recipient of the overpayment includes information about "installment payments when refund is requested"); 20 C.F.R. § 404.502(c)(1) (permitting recovery of an overpayment through the withholding of an amount from another monthly benefit); 20 C.F.R. § 404.527(b)(2) (noting that an overpayment is only considered "unrecoverable," when the SSA *has not* entered into an installment payment arrangement with the recipient of the benefits, or if there *is* an installment arrangement, when those payments are overdue for two consecutive months).[2] Defendants also argue that installment payments in a "government collection" are by default due and owing. (ECF No. 15, at 3–4). This is not the case. The Third Circuit has held that a plaintiff's property tax payments to the government were "arguably not delinquent because she had an agreement with the City of Philadelphia to pay her taxes in monthly installments." *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 244 (3d Cir. 2012).

Plaintiff has laid out facts in his complaint that could plausibly give rise to relief under 15 U.S.C. §§ 1681e(b) and i(a) and Defendants' arguments do not foreclose the possibility of Plaintiff's recovery.

---

[2] Plaintiffs' dispute of his SSA account, which Defendants admit is incorporated by reference into the pleadings, shows a statement date of May 9, 2017 and a payment as recent as April 12, 2017. (*See* ECF No. 12-1, at 6).

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss is hereby denied. An appropriate Order accompanies this Opinion.

DATED: October 10th, 2017

JOSE L. LINARES
Chief Judge, United States District Court